Gaudette v. Erricola                    CV-99-354-B    02/28/00

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Reginald Gaudette</u>

    **v.**                                    Civil No. 99-354-B
                                        Opinion No. 2000 DNH 048

<u>Richard Erricola</u>


<u>**MEMORANDUM AND ORDER**</u>


Reginald Gaudette challenges a bankruptcy court ruling that his interest in a pension plan maintained by his employer should be included in his bankruptcy estate.  Having reviewed the bankruptcy court's decision, the parties' briefs and the authorities cited therein, I affirm the decision for the reasons described in the court's well-reasoned opinion.  In addition, I offer the following comments.

I agree with the bankruptcy court that the result in this case is dictated by the First Circuit's opinion in <u>Kwatcher v. Massachusetts Serv. Employees Pension Fund</u>, 879 F.2d 957 (1st Cir. 1989).  <u>Kwatcher</u> stands for several propositions.  First, it

holds that a person cannot be an "employee" as that term is used in ERISA if he is an "employer."  See id. at 959 ("'Employee' and

'employer' are plainly meant to be separate animals . . . the twain shall never meet."). Second, it recognizes that ERISA defines the term "employer" broadly to include "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan." Id. at 960 (quoting 29 U.S.C. § 1002(5) (1994)). Third, it rejects restrictive common law and corporate law conceptions of the term and endorses an "economic reality" test to determine whether a person qualifies as an "employer." See id. Using this test, a sole shareholder of a corporate employer is deemed to be an employer under ERISA because such a person "dominates the actions of a corporate entity" and, therefore, also "acts 'in the interests of' the corporation." See id.

The Bankruptcy Court determined in the present case that: (1) Gaudette is the pension plan's sole beneficiary; (2) Gaudette was the plan's sole trustee from 1989 until August 1, 1996, when his wife succeeded him as sole trustee; (3) Gaudette's wife is the sole shareholder of the corporation that employed him; (4) at all relevant times, Gaudette was the president, treasurer, and

sole director of his wife's corporation; and (5) on October 4, 1986, Gaudette's wife executed a power of attorney authorizing him to "act as [her] attorney or agent in relation to all matter[s] in which [she] may be interested or concerned and on [her] behalf to execute any document and to do anything effectively in my name, place, and stead as if [she] were present." Applying Kwatcher to these facts, the court reasonably concluded that the pension plan is not subject to ERISA because Gaudette "dominate[d] the actions" of the corporations that employed him and acted "directly as an employer, or indirectly in the interest of an employer in relation to [the P]lan." Bankruptcy Court Opinion at 11 (quoting 29 U.S.C. § 1002(5)) (1994) (internal quotations omitted)).

Kwatcher cites a Department of Labor regulation that provides that "[a]n individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse." 29 C.F.R. § 2510.3-3(c)(1)(1999). The regulation does not apply

here because Gaudette's wife owned all the stock in the corporation that employed him. Accordingly, Gaudette argues that Kwatcher also is inapplicable. I reject this argument for several reasons. First, Kwatcher interprets and applies a statute that includes as an "employer" even a person who acts "indirectly" in the employer's interest with respect to a plan. See 29 U.S.C. § 1002(5). This broad definition does not require that a person have an ownership interest in the employing corporation to qualify as an employer, provided that the totality of the evidence demonstrates that the person actually controls the corporation's affairs with respect to the plan. Second, the Kwatcher court's use of a flexible "economic reality" test suggests that the court did not understand the term "employer" to be strictly limited to the circumstances specified in the regulation. Finally, I am unpersuaded by Gaudette's argument because it would permit a person to claim the benefit of ERISA even when the person does not require protection from his or her employer. When the "economic reality" is that the sole beneficiary of a pension plan controls the affairs of the

corporation that employs him, the beneficiary does not need ERISA to protect him from the employer's arbitrary actions. "Self-interest provides adequate protection" in such circumstances. Watson v. Proctor, 161 F.3d 593, 598 (9th Cir. 1998). This is true regardless of whether the person who actually controls the corporation's affairs has an ownership interest in the corporation. Accordingly, this case is not distinguishable from Kwatcher simply because Gaudette's wife owns all of the stock in the corporation that employ him.

Gaudette also argues that Kwatcher was overruled by Nationwide Mutual Co. v. Darden, 503 U.S. 318 (1992). Again, I disagree. Darden considered whether a common law test should be used in ERISA cases to distinguish employees from independent contractors. See id. at 319, 323, 327. As the Ninth Circuit has observed, the decision is inapplicable to the very different question of whether corporate formalities must be observed when determining whether a person should be treated as an employer rather than an employee under ERISA. See Watson, 161 F.3d at 597. Accordingly, the bankruptcy court was not free to disregard

-6-

<u>Kwatcher</u>.

The bankruptcy court found in this case that Gaudette qualified as an employer under ERISA because he "dominate[d] the actions" of the corporations that employed him and acted "directly as an employer, or indirectly in the interest of an employer, in relation to [the p]lan."  Bankruptcy Court Opinion at 11 (quoting 29 U.S.C. § 1002(5)) (internal quotations omitted).  This conclusion is amply supported by the record. Because a pension plan cannot be ERISA-qualified if its sole beneficiary is an employer rather than an employee, I affirm the bankruptcy court's decision.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

February 28, 2000

cc:  Ralph F. Holmes, Esq.
     William Gannon, Esq.
     Thomas Raftery, Esq.
     Clerk, U.S. Bankruptcy Court, NH

-7-